IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEREMY LORREN HARWOOD,

    Petitioner,

v.

GUY HALL,

    Respondent.

Case No. 6:15-cv-00970-HZ

OPINION AND ORDER

Anthony D. Bornstein
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Samuel A. Kubernick, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court convictions from 2006. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

In August 2005, the Lane County Grand Jury indicted petitioner on a total of 78 offenses, mostly having to do with theft. Respondent's Exhibit 102. The following year, the case proceeded to a jury trial. At the close of the State's case, petitioner moved for a judgment of acquittal ("MJOA") regarding seven theft charges pertaining to stolen property recovered from his co-defendant's residence located on River Road. Trial Transcript, Vol. II, pp. 698-706. He theorized that he could not be guilty of theft because the stolen property was not recovered from his residence (located on 8th Street). The trial court denied the MJOA, and the jury ultimately convicted petitioner of 32 theft-related counts, three counts of aggravated theft in the first degree, six counts of theft in the second degree, and two counts of unauthorized use of a motor vehicle. Respondent's Exhibit 142. As a result, the trial court sentenced petitioner to 239 months in prison.

Petitioner took a direct appeal where he challenged the trial court's denial of his MJOA claiming that the State failed to present any evidence that he exercised possession or control over the stolen items found at his co-defendant's River Road property. Respondent's Exhibit 103. The Oregon Court of Appeals

affirmed the trial court's decision without opinion, and the Oregon Supreme Court denied review. *State v. Harwood*, 226 Or. App 418, 204 P.3d 177, *rev. denied*, 346 Or. 258, 210 P.3d 906 (2009).

Petitioner next filed for post-conviction relief ("PCR") in Marion County where the PCR court denied relief on all of his claims. Respondent's Exhibit 151. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. *Harwood v. Premo*, 267 Or. App. 424, 341 P.3d 252 (2014), *rev. denied*, 357 Or. 111, 346 P.3d 1212 (2015).

Petitioner filed this federal habeas corpus case on June 30, 2015. With the assistance of appointed counsel, petitioner argues three grounds for relief:

> (1) Petitioner's aggravated theft convictions violate due process because the State did not present sufficient evidence to sustain them;
>
> (2) Trial counsel was ineffective when he failed to use available evidence to impeach a complaining witness regarding the material element of the value of clothing; and
>
> (3) Trial counsel was ineffective when he failed to object to the court's failure to merge several of petitioner's convictions.

Respondent asks the court to deny relief on the Petition because: (1) petitioner declines to argue several grounds for relief that are contained within his Petition; (2) the Petition does not contain petitioner's third argued claim, thus the claim is not properly before the court; (3) petitioner's due process claim is procedurally defaulted and lacks merit; and (4) the PCR court's denial of petitioner's ineffective assistance of counsel claim in Ground Two was not objectively unreasonable.

3 - OPINION AND ORDER

## DISCUSSION

### I. Unargued Claims

The Petition for Writ of Habeas Corpus contains two grounds for relief, the second of which is comprised of nine subparts. Petitioner filed his Brief in Support (#21) in which he argues the due process claim the court identified in the Background of this Opinion as Ground One, and the ineffective assistance of counsel claim it identified as Ground Two.[1] Petitioner then filed his Supplemental Brief (#31) containing argument on the Ground Three ineffective assistance of counsel claim pertaining to merger. Petitioner does not argue the merits of his remaining claims and has therefore not carried his burden of proof with respect to these unargued claims. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims).

### II. Pleading Sufficiency

Respondent asserts that the Ground Three ineffective assistance of counsel claim petitioner argues in his Supplemental Brief is not contained in the Petition. Rule 2(c) of the Rules Governing Section 2254 Cases requires each habeas petition to "specify all the grounds for relief which are available to the petitioner" and to "state the facts supporting each ground." A court need not consider a claim that is not contained within the operative habeas corpus petition. *Greene v. Henry*, 302 F.3d

---

[1] Respondent initially asserted that petitioner failed to raise these claims in his Petition, but later withdrew that argument. Sur-reply (#49), p. 1.

1067, 1070 fn 3 (9th Cir. 2002). The pertinent portion of the Petition reads as follows:

> Post-conviction trial counsel was ineffective for failing to raise and present an issue that trial counsel was ineffective for failing to request that the sentencing court merge all of the theft related convictions, (Counts 5, 6, 11, 12, 13, 18, 19, 22, 23, 25, 26, 27, 28, 29, 33, 34, 36, 38, 39, 40, 41, 42, 43, 45, 68, 69, 70,71, and 72) into one and/or for the purposes of sentencing. That is one charge of Aggravated Theft by Receiving is necessarily involved with the above-mentioned counts. Only one offense was committed and only one charge may be the basis for a conviction.

Petition (#2), pp. 26-27.

In his Supplemental Brief, petitioner states a somewhat different claim. He asserts that there were 16 different victim property owners such that he should have at least 16 different theft convictions, not one, but that his theft convictions pertaining to multiple items taken from the same property owner should have merged.

Petitioner asserts that this court should liberally construe his Petition to state the claim he argues in his Supplemental Brief. Although the court is obligated to liberally construe *pro se* filings, *Haines v. Kerner,* 404 U.S. 519 (1972), the court specifically appointed the Federal Public Defender's Office at the outset of this case to give petitioner every opportunity to amend his Petition to clearly state any claims he and his attorney wished to argue.[2] Nevertheless, the court elects to

---

[2] Although petitioner directs the court to the Fifth Circuit for the proposition that it accords "state and federal habeas petitions a broad interpretation, notwithstanding the later appointment of counsel," *Bledsue v.*

liberally construe the Petition to contain petitioner's argued Ground Three merger claim.

### III. Exhaustion and Procedural Default

#### A. Standards

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

---

*Johnson*, 188 F.3d 250, 253 (5th Cir. 1999), not only does this not constitute controlling precedent, but it is not clear what constitutes a "later" appointment. The court appointed counsel for petitioner less than 30 days after he filed his *pro se* Petition and 11 days before the State accepted and acknowledged service in this case. Although counsel now wishes to rely upon liberal construction due to the *pro se* nature of the initial filing in this case, it was incumbent upon appointed counsel to review the Petition and file an amended pleading if appropriate so as to avoid the unnecessary confusion that has resulted.

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

B. **Ground One**

As Ground One, petitioner alleges that his aggravated theft convictions violate due process because the State did not present sufficient evidence to sustain them. In his Response to the Petition, respondent asserts that although petitioner assigned error to the trial court's denial of his MJOA, he presented the claim only as one of state-law error and did not raise a federal law question or cite to the U.S. Constitution in support of his arguments.

A review of the record reveals that petitioner explicitly referenced the Fourth amendment and cited to *Wright v. West*, 505 U.S. 277 (1992), in support of his argument. Respondent's Exhibit 103, p. 22. *West* was a habeas corpus case applying the sufficiency of the evidence standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979), in the context of a state prisoner.

7 - OPINION AND ORDER

Respondent nevertheless contends that petitioner did not engage in a federal analysis, and instead relied only upon state law such that his bare federal citations were insufficient to satisfy exhaustion. The court disagrees. The very nature of petitioner's sufficiency of the evidence argument must entail a discussion of state law, and his references to the U.S. Constitution as well as the Supreme Court's decision in *West* put the Oregon Court of Appeals on notice that petitioner tasked it with deciding a federal due process issue. The court therefore finds petitioner fairly presented the claim so as to preserve it for review on its merits.

C.  **Ground Three**

Petitioner concedes that he procedurally defaulted his ineffective assistance of counsel pertaining to merger, but asks the court to excuse the default because PCR counsel was ineffective for failing to raise such a claim. *See Martinez v. Ryan*, 566 U.S. 1, 4 (2012) (inadequate assistance of post-conviction counsel may establish cause to excuse the default of an ineffective assistance of trial counsel claim). In order to show that PCR counsel was inadequate, petitioner must establish that counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Petitioner must demonstrate not only that his attorney should have raised the omitted claim, but also that the omitted claim was "substantial." *Id* at 14. In this regard, he must "demonstrate that the underlying ineffective assistance of trial counsel claim . . . has some merit." *Id*.

8 - OPINION AND ORDER

Petitioner states there were 16 property owners at issue such that at least 16 of his convictions cannot merge based upon the existence of separate victims. He points to the specifics as to three sets of convictions:

> Counts 25 and 26, a trailer and the clothing within it;
>
> Counts 34 and 36, a tractor with an attached mower; and
>
> Counts 27, 28, and 29, an ATV frame, its motor and mounts, and the its remaining parts.

Petitioner argues that dual convictions involving different pieces of property belonging to the same victims should have merged such that he should have sustained a maximum of seventeen convictions instead of 29. Petitioner directs the court to *State v. Noe*, 242 Or. App. 530, 532 (2011), and *State v. Joynt,* 254 Or. App. 415, 416 (2012), to support his merger argument. In both of these cases, the Oregon Court of Appeals concluded that aggravated theft convictions should have merged where they were based on the theft of a truck, and the theft of the parts of that same truck. The State takes the position that the court cannot evaluate trial counsel's performance in light of these decisions because they occurred five and six years, respectively, after petitioner's trial. See *Sophanthavong v. Palmateer*, 378 F.3d 859, 870 (9th Cir. 2004) ("*Strickland* does not mandate prescience, only objectively reasonable advice under prevailing professional norms.").

In reaching its conclusion in *Noe,* the Oregon Court of Appeals cited to the Oregon Supreme Court's opinion in *State v. Cox*, 336 Or. 284 (2003). *Cox* involved the theft of 20,000 pounds of aluminum in Marion County, which was then transported to Multnomah County for sale. The defendant was charged in Multnomah County with aggravated theft in the first degree by receiving, and separately charged in Marion County simply with aggravated theft where the indictment alleged that the petitioner "knowingly commit[ted] theft of aluminum metal pipes and beams" from the same victim at issue in the Multnomah County indictment. The Oregon Supreme Court concluded that "defendant committed a single offense of theft by 'taking' and 'receiving' the aluminum" from the same victim. 336 Or. at. 294-95. In doing so, it noted that Oregon law "ensures that the number of thefts will depend on the number of times a person unlawfully deprives another of property, not on the number of different ways in which a person accomplishes a particular deprivation." *Id* at 294.

The court finds there to be "some merit" to petitioner's merger argument based upon *Cox,* however this analysis ignores the practical considerations present in petitioner's case. Had PCR counsel raised such a claim and succeeded as to all seventeen charges at issue, petitioner would have received no benefit in terms of his sentence. Petitioner concedes as much. Supplemental Brief (#31), p. 2. Instead, PCR counsel pursued a variety of claims that might have, if successful, materially impacted petitioner's sentence. Accordingly, it was a reasonable tactical choice for PCR counsel not to pursue the merger argument

10 - OPINION AND ORDER

petitioner advances here. See *Strickland v. Washington*, 466 U.S. 668, 689 (1984) (courts afford a high level of deference to strategic decisions by attorneys). Because PCR counsel's decision to omit the merger challenge did not fall below an objective standard of reasonableness, petitioner is unable to excuse his procedural default.

## IV. The Merits

### A. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas

court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

### B. Ground One: Sufficiency of the Evidence

Petitioner contends that the State presented no evidence that he acquired control or possession of the stolen items that the authorities recovered from his co-defendant's River Road property. He theorizes that although he might have aided his co-defendant in stealing the property, without evidence that he actually obtained control of those items after the initial thefts, there was insufficient evidence to prove theft by receiving under Oregon law

When reviewing a habeas corpus claim based on insufficient evidence, "[t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original). When the record supports conflicting inferences, courts must presume the jury resolved the conflicts

in favor of the prosecution. *Id* at 326. Because this issue occurs in the habeas corpus context which carries with it a stringent standard of review, this court is required to apply a "double dose of deference" to the state court decision, a level of deference "that can rarely be surmounted." *Boyer v. Belleque*, 659 F.3d 957, 964 (9th Cir. 2011).

Petitioner's aggravated theft convictions as to Counts 11, 18, 23, 27, 40, 42, and 43 were all predicated upon the notion that petitioner committed theft by receiving property located at the River Road property. Petitioner claims that the State did not establish that he had "received" the stolen items found at the River Road address because that was the residence of his co-defendant.

Pursuant to ORS 164.095:

> (1) A person commits theft by receiving if the person receives, regains, conceals, or disposes of property of another knowing or having good reason to know that the property was the subject of theft.
>
> (2) "Receiving" means acquiring possession, control or title, or lending on the security of the property.

At trial, petitioner's attorney moved for a judgment of acquittal as to seven theft counts because the stolen goods were recovered from co-defendant's River Road property, not petitioner's property on 8th Street. Counsel based his MJOA upon his contention "that there's been no showing that my client received this property or had possession of it. All there's proof

of was that it was at the River Road house." Trial Transcript, Vol. II, p. 700. The court denied the MJOA, reasoning as follows:

> there was a sharing of stolen materials indicating that there was at least an agreement of some sort, if not a tacit one or - at best a tacit one, that that stolen property was split up between the owners of possessors of the two different properties.
>
> That means that in the light most favorable to the State that the defendant in this case, Mr. Harwood, consented to the improper possession of some of the property that didn't end up at his place but ended up at the other place.
>
> . . . one possessor either had the right or tacit authority from the other possessor to possess what they had and vice versa.

*Id* at 704-05.

The Lane County Circuit Court thus determined that, under the facts of this particular case, petitioner's conduct met the elements of receiving stolen property such that the MJOA lacked merit. The Oregon Court of Appeals agreed. Respondent's Exhibit 109. The Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

In any event, there was sufficient evidence in the record to support the trial court's conclusion that there was an understanding between petitioner and his co-defendant to have shared control over the goods they stole. Although petitioner would deny it at trial, a sheriff's deputy testified that

petitioner described himself during an interview as a "middleman," knew that most of the items he dealt in were stolen, but stated that he did not ask any questions. Trial Transcript, Vol. II, p. 961.

The State also introduced evidence that each of the victims named in the seven counts petitioner challenged in his MJOA had some of their stolen property discovered at both petitioner's 8th Street residence and his co-defendant's River Road property even though several of them had only been the victim of a single episode of theft. Trial Transcript, Vol. II, pp 466, 520, 527, 574, 585-87, 603, 623, 627, 642-43. Part of one victim's all-terrain vehicle was discovered at the co-defendant's River Road property while the rest of the vehicle was discovered "in a plastic tote container" at petitioner's 8th Street property. *Id* at 466. Based upon this record, the trial court's decision to deny the MJOA was neither contrary to, nor an unreasonable application of, clearly established federal law.

C.   **Ground Two: Ineffective Assistance of Counsel**

As his final claim, petitioner alleges that defense counsel was ineffective when he failed to use available evidence to impeach a complaining witness regarding the material element of the value of stolen clothing. Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test established by the Supreme Court to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, petitioner must show that his

counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. 686-87. Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 556 U.S. at 122.

Petitioner's claim relates to a 12-foot trailer he stole from the Norris family. The trailer was lined with dressers and three hanging rods of clothes. At the time a sheriff's deputy responded to the theft, Mrs. Norris valued the clothing at $2,000, and the deputy valued the clothing at $500. Respondent's Exhibit 119. Mr. Norris testified at trial that the value of the clothing contained within the trailer was $14,000. Trial Transcript, Vol. II, p. 560.

Counsel did not use the estimates of Mrs. Norris or the deputy to impeach Mr. Norris' testimony on the value of the stolen items. Petitioner contends that it was ineffective not to

do so because he was convicted of aggravated theft in the first degree based upon a finding that the value of the stolen goods exceeded $9,999. See ORS 164.057. If the jury had found the value of the property was less than $10,000, he would have been convicted of non-aggravated theft in the first degree pursuant to ORS 164.055.

The PCR court determined that "[t]here is no impeachment on the value of the clothes in the trailer since the original estimate was the officer's estimate who never saw the trailer and who never saw the contents, and the later estimate was by the owners. There is no proof that it's not accurate." Respondent's Exhibit 150, p. 21. In its Judgment, the PCR court stated that the "officer's estimate of value of clothes & trailer he hadn't seen would not impeach [Mr. Norris'] estimate." Respondent's Exhibit 151, p. 2. There is no indication that the PCR court took into account the $2,000 valuation by Mrs. Norris.

Petitioner contends that Mr. Norris' estimate of his property's value was based upon replacement value as determined by his internet searches, where Oregon law provides that valuation is only determined by this method if "market value at the time and place of the crime . . . cannot reasonably be ascertained." ORS 164.115. He believes that Mrs. Norris' valuation likely reflected the market value because it was made at the time the property was stolen and at the place from where the property was taken. He also points out that she was in the best position to value the clothing because the clothing belonged to her and her children. Respondent's Exhibit 119, p. 2.

17 - OPINION AND ORDER

The PCR court was correct that the responding officer's estimate of $500 was of no value where he was unfamiliar with the items in question. It did not, however, appear to consider the $2,000 figure provided by Mrs. Norris. But even if counsel had cross-examined Mr. Norris with his wife's estimate, it is entirely speculative as to how the jury might have weighed Mrs. Norris' statements.[3] Petitioner therefore cannot establish a likelihood that had counsel impeached Mr. Norris's estimate with that of his wife, the outcome of the proceeding would have been different. At a minimum, where the PCR court found petitioner failed to prove that the $14,000 estimate was not accurate, petitioner has not shown that the PCR court's decision was so clearly erroneous that no fairminded jurist could agree with it. *Richter*, 562 U.S. at 102.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is denied. The court grants a certificate of appealability as to the issues addressed in Parts II, III, and IV of this Opinion.

IT IS SO ORDERED.

DATED this 28 day of August, 2017.

Marco A. Hernandez
United States District Judge

---

[3] If anything, the jury might have afforded Mrs. Norris' statement considerably less weight in light of Mr. Norris' in-trial characterization of his wife's attitude toward shopping: "my wife is not a shopper . . . that's something she hates." Trial Transcript Vol. II, p. 561.